UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN THOMAS ROOKE,<br><br>                     Plaintiff,<br>     v.<br><br>ELDON VAIL, A. KENNEY, BRUNO STOLC, C. KOSSMAN, C. COLEMAN, and JOHN DOE,<br><br>                     Defendants. | No. C11-5235 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: April 22, 2010** |

On March 24, 2011, Plaintiff, a Washington prisoner at the Stafford Creek Corrections Center (SCCC), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 in the above-titled action. Plaintiff, who was formerly incarcerated in Arizona, claims that employees of the Red Rock Corrections Center (RRCC) violated his constitutional rights when they either lost or stole his property when he was transferred to SCCC. The undersigned recommends that this case be transferred to the District Court of Arizona, where venue is proper.

## DISCUSSION

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2)

REPORT AND RECOMMENDATION - 1

the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice."  *See* 28 U.S.C. § 1406(a).

It is clear from Plaintiff's complaint and the attachments thereto that Plaintiff's claims arise out of actions alleged to have been committed around July of 2008, by employees of the RRCC during or after Plaintiff's transfer to SCCC.[1]  The RRCC is located in Eloy, Arizona, which is within the venue of the District of Arizona.  See 28 U.S.C. §§ 84(b).  Thus, venue is proper in the District of Arizona, not the Western District of Washington.

## CONCLUSION

Accordingly, it is recommended that in the interest of justice, the above-titled action be **TRANSFERRED** to the United States District Court for District of Arizona and that this case be closed.  In light of the transfer, the Court should defer to the District of Arizona with respect to Plaintiff's application to proceed *in forma pauperis* (ECF No. 1).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140

---

[1] Although Eldon Vail, the Secretary of the Washington Department of Corrections, is also named as a defendant, Plaintiff makes no allegations against him.

REPORT AND RECOMMENDATION - 2

(1985).   Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 22, 2011**, as noted in the caption.

    **DATED** this  4th   day of April, 2011.

                                          Karen L. Strombom
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION - 3