**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SEAN THOMAS ROOKE, | ) | No. CV 11-0955-PHX-RCB (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| ELDON VAIL, et al., | ) | |
| Defendants. | ) | |

Plaintiff Sean Thomas Rooke, a Washington inmate now confined in Stafford Creek Corrections Center in Aberdeen, Washington, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Western District of Washington. That Court transferred the case to this District based on venue because Plaintiff's claim concerned the loss of property while he was confined in the Red Rock Correctional Center (RRCC), a Corrections Corporation of America (CCA) facility, in Eloy, Arizona. This Court dismissed the Complaint for failure to state a claim with leave to amend. (Doc. 13.) Plaintiff filed a First Amended Complaint. (Doc. 15.) In an Order filed on October 4, 2011, the Court dismissed the First Amended Complaint with leave to amend within 30 days. (Doc. 16.)

On November 3, 2011, Plaintiff sent a letter in which he seeks an extension of time in which to file a second amended complaint. (Doc. 17.) In his letter, Plaintiff states that he is in administrative segregation, from which he is scheduled to be released on November 28, 2011, and then transferred to another facility. Plaintiff indicates that he lacks access to his

property, where he has records relevant to his claims in this case, while he is in administrative segregation. The Court construes Plaintiff's letter as a motion for extension of time, which will be granted to the extent stated below.

**Warnings**

    **A.**     **Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.**     **Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.**     **Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.**     **Possible "Strike"**

Because the Complaint and First Amended Complaint have been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the October 4, 2011 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.

§ 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's letter filed on November 3, 2011 is construed as a motion for an extension of time within which to file a second amended complaint. (Doc. 17.)

(2) Plaintiff's motion for an extension of time is **granted**, doc. 17, and Plaintiff is granted an additional **45 days** from the filing date of this Order in which to file a second amended complaint in compliance with the October 4, 2011 Order, doc. 16.

(3) If Plaintiff fails to file an amended complaint within the extension granted herein, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 7th day of November, 2011.

_____
Robert C. Broomfield
Senior United States District Judge